IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL DePESA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMERICASH LOANS, L.L.C., and | ) |
| S.A.I.L. LLC, d/b/a Savings Account | ) |
| Installment Loan LLC and Sail Loans, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

1. Plaintiff Daniel DePesa brings this action against Americash Loans, L.L.C., and S.A.I.L. LLC, d/b/a Savings Account Installment Loan LLC and Sail Loans ("Sail Loans"), to secure redress for violation of his privacy rights through the placement of multiple telemarketing calls to his cell phone notwithstanding his instructions to stop calling, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing Federal Communications Commission ("FCC") regulations, 47 C.F.R. §64.1200.

2. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. One protection under the TCPA is the requirement that companies engaging in telemarketing maintain internal "do not call lists" on which they must place anyone who requests that they not receive telemarketing calls.

4. The penalty for violating this provision of the TCPA on two or more occasions within a 12 month period is $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

-1-

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021).

6. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. See Sarah Krouse, The FCC Has Fined Robocallers $208 Million. It's Collected $6,790, The Wall Street Journal, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-finedrobocallers-208-million-its-collected-6-790-1155 3770803.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 181 L. Ed. 2d 881, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction exists because each Defendant is located in Illinois.

9. Venue in this District is proper for the same reason.

10. Article III is satisfied by the receipt of annoying, prohibited phone calls in violation of the TCPA. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020).

## PARTIES

11. Plaintiff Daniel DePesa is a resident of the Northern District of Illinois.

12. Plaintiff is the subscriber, user and payor of a cell phone with number 630-xxx-6989, which is his general residential phone.

13. Defendant Americash Loans, L.L.C., is a Delaware limited liability company with its principal office at 2400 East Devon Ave., Ste. 300, Des Plaines, IL 60018. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604.

14. Defendant S.A.I.L. LLC, d/b/a Savings Account Installment Loan LLC and Sail Loans, is a Delaware limited liability company with its principal office at 2400 East Devon Ave., Ste. 300, Des Plaines, IL 60018. Its registered agent is Dustin Mauldin at that address.

15. Americash was formerly engaged in the consumer lending business.

16. Sail Loans is engaged in the consumer lending business.

17. When Illinois reduced its interest rates to 36% in 2021, most Americash offices in Illinois were made into offices of Sail Loans by arrangement between the companies.

18. Americash and Sail Loans have common officers and management. Dustin Mauldin is manager of both entities.

19. Defendants marketed their products and services, in part, through placing telephone calls to prospective customers' cellular phones.

**FACTS**

20. Plaintiff formerly had a loan with Americash, in connection with which Plaintiff provided it with his cell phone number.

21. Plaintiff paid the loan off.

22. Plaintiff subsequently received multiple calls and texts on his cell phone seeking to induce Plaintiff to obtain further loans, including:

    a. September 1, 2021, at 3.47 pm;

    b. October 8, 2021, at 11.44 am.

    c. October 15, 2021, at 12.13 pm.

    d. October 25, 2021, at 11.01 am.

    e. November 3, 2021, at 10.54 am.

23. The calls came from 224-567-5514.

24. Calls to 224-567-5514 are answered "Thanks for calling Sail Loans . . . ."

25. On information and belief, former customers of Americash were contacted to generate business for Sail Loans.

26. The first time Plaintiff received such a call, he asked not to be further contacted.

27. The calls continued unabated.

28. There were more than 2 calls within a 12 month period, after Plaintiff asked not to be contacted.

29. Plaintiff suffered damages, in that:

   a. His right of privacy was intruded upon and violated;

   b. He suffered annoyance and aggravation;

   c. The calls used battery life and electricity.

## COUNT I - TCPA

30. Plaintiff incorporates paragraphs 1-29.

31. The FCC regulations under the TCPA, 47 C.F.R. §64.1200, provide:

. . . (d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. . . .

32. The TCPA provides, in part that is a violation of the law for a person whose phone number is the subject of an internal "do not call" request to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

33. The penalty for each call placed in violation of this prohibition is $500 per call and up to $1,500 per call if the violation is determined to be willful. See 47 U.S.C. §§ 227(c)(5).

34. In addition, the TCPA allows the Court to enjoin Defendants' violations.

WHEREFORE Plaintiff requests that the Court:

    i. Award damages of $1500 per call against Defendants;

    ii. Enjoin Defendants from further violations;

    iii. Award costs;

    iv. Award such other and further relief as is proper.

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

35. Plaintiff incorporates paragraphs 1-29.

36. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by placing telephone solicitation calls to Plaintiff in violation of the TCPA and FCC regulations.

37. Such conduct was contrary to public policy as set forth in the TCPA and FCC regulations.

38. Plaintiff suffered pecuniary and other injury as a result.

39. Defendants did so in the course of trade and commerce, for the purpose of generating business.

WHEREFORE Plaintiff requests that the Court:

    i.      Award compensatory and punitive damages against Defendants;

    ii.     Enjoin Defendants from further violations;

    iii.    Award costs;

    iv.    Award such other and further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

-6-

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

      /s/ Daniel A. Edelman
Daniel A. Edelman